# 18 CV 5625 Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District : Southern District of New York |
|---|---|
| Name (under which you were convicted):<br>Marlon Roberts | Docket or Case No.: |
| Place of Confinement: United States Penitentiary-<br>Canaan | Prisoner No.: 73400-054 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| | v.  Marlon Roberts |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court for the Southern District of New York

   (b) Criminal docket or case number (if you know): 15-cr-95 (AJN)

2. (a) Date of the judgment of conviction (if you know): August 2017. . (Guilty plea taken)

   (b) Date of sentencing: February 2018.

3. Length of sentence: 120-months.

4. Nature of crime (all counts):
   Racketeering conspiracy, section 1962(d)(Count One); Narcotics conspiracy, section 841(b)(1)(C) and 846 (Count Two); Distribution of narcotics within one-thousand feet of schools, section 846 and 860 (Count Three); and Use of a firearm in furtherance of Counts One and Two, section 924(c)(1), (Count Four).

5. (a) What was your plea? (Check one)

   (1) Not guilty ❑       (2) Guilty ☒       (3) Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ❑      Judge only ❑

   N/A

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8.  Did you appeal from the judgment of conviction?   Yes ☐   No ☒

9.  If you did appeal, answer the following:   N/A

    (a) Name of court:

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

    If "Yes," answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

    (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ❑  No ❑

(2) Second petition:   Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** Petitioner's Sentence Under Count Four is Illegal Because It Is Based On An Unconstitutionally Vague Sentencing Provision.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
During my plea and sentencing hearing, the district court sentenced me under the unconstitutional "residual clause" of section 924(c)(3)(B), after having determined that my (unidentified) predicate racketeering acts charged in count one qualified as a "crime of violence". The government did not submit into the record any evidence to support the conclusion that I had qualifying predicate crimes or under which exact clause of 924(c)(3) they qualified.

(*See supporting memorandum of law)

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐   Never appealed.

(2) If you did not raise this issue in your direct appeal, explain why:

New state of the law; was unavailable to me at time for appealing. In addition, my attorney failed to file an appeal for me.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue:


**GROUND TWO**: Petitioner's Plea Was the Result of Ineffective Assistance of Counsel, in Violation of his Sixth Amendment Right.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Before I decided to plead guilty my lawyer told me that if I went to trial and got convicted for count four, I would get 5-years for the racketeering conspiracy alleged in that count, and then an additional 25-years for the narcotics conspiracy alleged in that same count. But count four charged <u>both</u> of those conspiracies in one single count, so I couldn't be sentenced as if there was more than one count under 924(c), like my lawyer told me. My lawyer told me all this during his first communication with me, and continued to do so up until the plea hearing, even when I told him I wasn't guilty of any "conspiracy." The only reason I pleaded guilty was because my lawyer kept telling me that the 924(c) count carried a mandatory 25-years for the "second charge." My lawyer led me to believe that if I went to trial and got convicted, the judge would give me a total of 30-years, just off the one 924(c) count alone. I thought that was how the law

　　* see attached page for continuation.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ❑

   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑   No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑　No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑　No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑　No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑　No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑　No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?

If so, which ground or grounds have not been presented, and state your reasons for not

presenting them: Neither claim (ground on motion) was presented in any prior proceedings. This is because ground one is based on a new case that wasn't available to me in earlier proceedings (Johnson/Dimaya). Ground Two is based exclusively on ineffective assistance of counsel claims.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court

for the judgment you are challenging?      Yes ❑   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following

stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea: Anthony Ricco and Steven Legon.

(c) At trial:   N/A

(d) At sentencing:  Anthony Ricco.

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐   No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

My motion is timely filed within AEDPA's one-year statute of limitations. My sentence/conviction did not become final until February 2018.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

        (1) the date on which the judgment of conviction became final;

        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

VACATE CONVICTION AND GUILTY PLEA; ALLOW ME TO FILE OUT-OF-TIME APPEAL FROM GROUND TWO - SUPPORT (d) of MOTION.

or any other relief to which movant may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).

Executed (signed) on _____6/15/18_____ (date).

_____
Signature of Movant

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this motion all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground.  I also understand that if I fail to set forth all the grounds in this motion, I may be barred from presenting additional grounds at a later date.

Executed (signed) on _____June 15, 2018_____ (date)

Signature of Movant _____Marion Roberts_____

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

(Continuation page)

went, but it wasn't. The only reason I pleaded guilty was because of my lawyers bad advice and how he induced me; (b) my lawyer did not seek to have the government supply any evidence to show what basis my predicate crimes qualified as "crimes of violence" or under which provision of the 924(c)(3) they did, even though he should have known that such matters could be relevant to my case; (c) my lawyer failed to raise a Johnson or Dimaya claim in the district court concerning the residual clause issues. My plea hearing was held on August 17, 2017 and my sentencing was in February 2018. The Supreme Court had decided Johnson in 2015, and the Dimaya decision had been pending for review since October 2017. Dimaya had been a "probable factor" at the time of my plea/sentencing hearing; (d) during my plea hearing, the court failed to tell me about my choice or right to appeal. My lawyer did not object to this irregularity in the process, nor did he otherwise obtain a waiver of my right to appeal. My lawyer never prosecuted an appeal on my behalf or tell me that I could appeal even after pleading guilty. I asked my lawyer <u>twice</u> about appealing, and on both occassion he never answered me. I never <u>knew</u> I had a choice to appeal from the plea hearing.

[See Memorandum of Law]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARLON ROBERTS,

      Petitioner,

v.

UNITED STATES of AMERICA,

Crm. No.: 15 cr 95 (AJN)

Civ. No. _____

## Petitioner's Memorandum of Law in Support of Motion to Vacate Sentence, 28 U.S.C. Section 2255

TO THE HONORABLE JUDGE ALISON J. NATHAN:

Comes now Marlon Roberts, the petitioner in this action, and hereby respectfully submits his memorandum of law in support of his motion to vacate sentence. In support thereof, petitioner shows as follows:

## I.

### COURSE OF PROCEEDINGS

In August 2017, petitioner pleaded guilty, pursuant to a written plea agreement under Federal Rule of Criminal Procedure 11, to one count of using and carrying a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. section 924(c).

1

In February 2018, the district court sentenced petitioner to a term of 120-months' imprisonment, and petitioner didnot appeal. This motion is timely filed within section 2255's one-year limitations period, 28 U.S.C. section 2255 (f)(1).

## II.

### SECTION 2255 JURISDICTION

The nature of the collateral challenges under section 2255 is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995). Here, petitioner's several challenges to his conviction and sentence arise under his Fifth Amendment right to due process and his Sixth Amendment right to effective assistance of counsel and thus implicates questions of constitutional magnitude. This Court is thus vested with jurisdiction under 28 U.S.C. section 2255(a) and 28 U.S.C. section 1331.

## III.

### DISCUSSION OF LAW

### ARGUMENTS

1. Petitioner's Sentence was Based Upon the Unconstitutional "Residual Clause" of Section 924(c)(3)(B).

2

Ground One:

This Court should vacate petitioner's conviction for count four because it was based upon the unconstitutionally vague "residual clause" of section 924(c)'s definition of crime of violence. Count Four charged petitioner with using a firearm during a "crime of violence" as that term is defined in 18 U.S.C. section 924(c)(3). The indictment set forth the racketeering acts charged in count one as the qualifying crimes of violence.[1] At the sentencing hearing, the district court did not state on the record the exact manner in which petitioner's predicate offense qualified as a crime of violence under 924(c)(3)(B). Neither the presentence report nor the government's sentencing memoranda addressed the issue.

The crux of petitioner's claim is that he was sentenced under section 924(c)(3)'s residual clause. Because, as will be discussed below, the residualclause was illegal at the time petitioner was sentenced, his sentence was imposed in violation of the Fifth Amendment's Due Process Clause and he is therefore entitled to relief.

---

[1]     Count One listed various racketeering acts, including: murder and robbery under New York Penal Law and violations of the Hobbs Act statute, bank fraud, passage of counterfeit currency, and narcotics distribution, all in violation of federal law. The 924(c) count, however, does not specifically identify which particular act provided the basis for the "crime of violence" designation.

2. <u>Dimaya</u>[2] Requires Invalidation of 924(c)'s
   Residual Clause.

This Court may have believed the racketeering conspiracy predicate acts charged in count one were "crimes of violence" because they fell within section 924(c)(3)(B)'s residual clause. However, the Supreme Court's decision in <u>Dimaya</u> requires the conclusion that the residual clause is invalid and cannot serve as a basis to affirm a criminal conviction.

<u>Dimaya</u> invalidated 18 U.S.C. section 16(b), which defines a "crime of violence" in a manner essentially identical to the formulation of the same term found in section 924(c)(3)(B). Indeed, the Second Circuit has described section 16(b) and 924(c)(3)(B) as "materially the same." <u>United States v. Hill</u>, 832 F.3d 135, 149 (2d Cir. 2016); <u>accord</u> <u>United States v. Acosta</u>, 470 F.3d 132, 134 (2d Cir. 2006)(noting sections 16(b) and 924(c)(3)(B) "contain virtually identical language"). And Chief Justice Roberts, in his dissent in <u>Dimaya</u>, described section 924(c)(3)(B) as a "replic[]" of the now-invalid section 16(b). <u>Dimaya</u>, 2018 WL 1800371, at *34.

Every aspect of the Supreme Court's critique in the <u>Dimaya</u> case of section 16(b) applies equally to 924(c)(3)(B). Like 16(b), section 924(c)(3)(B) requires court's to

---

[2]   <u>Sessions v.Dimaya</u>, No. 15-1498 (April 17, 2018).

4

identify a crimes' "'ordinary case,' in order to measure the crimes risk." <u>Dimaya</u>, 2018 WL at *9. This inquiry is, as <u>Dimaya</u> observed, "an excessively speculative, essentially inscrutable thing." Moreover, just like 16(b), section 924(c)(3)(B) involves "uncertainty about the level of risk that makes a crime "violent."" Thus, section 924(c)(3)(B) contains the same "two features" that "conspired" to render section 16(b) unconstitutionally vague. <u>Id</u>.

In short, <u>Dimaya's</u> invalidation of section 16(b) requires the conclusion that the same language in 924(c)(3)(B)'s residual clause must too be voided for vagueness.

3. <u>The Government Failed to Carry It's Burden of Proof Regarding Sentencing Factors Under Section 924(c)(3).</u>

As in any other case, the government had the "burden of proving facts in support of a sentenc enhancement by a pre-ponderance of the evidence." <u>United States v. Washington</u>, 115 F.3d 1008, 1010 (D.C. Cir. 1997); <u>United States v. Urrego-Linares</u>, 879 F.2d 1234 (4th Cir. 1989). In this case, the government introduced no evidence into the record providing any basis for specifically determining how the predicate acts qualified as crimes of violence under 924(c)(3). Insofar as that provision alone had a substantial impact on petitioner's sentence, the government was obligated to satisfy the factual

5

prerequisities of the statute. Had the government sought to carry its burden, petitioner would have been afforded an opportunity to contest assertions by the government. See Townsend v. Burke, 334 U.S. 736 (1948). For example, if the government would have argued that the predicate acts under count one qualified as a crime of violence pursuant to the statutes "elements/force" clause, 924(c)(3)(A), petitioner could have demonstrated why they did not. Such arguments would have been grounded on at least two separate grounds. First, the statutes' plain language encompasses only federal crimes of violence, and reliance on the state predicate acts would have been improper. See Brown v. United States, U.S. Dist. Lexis 60515 (E.D. Mo. 2018) (stating that "the government must prove that defendant committed either a 'federal' crime of violence' or drug trafficking crime."); section 924(c)(1)(A)(during a crime of violence... "for which he may be prosecuted 'in a court of the United States'..."). Second, because a conspiracy offense does not require an overt act, conspiracy offenses do not catagorically qualify as crimes of violence under the elements/force clause. See e.g., United States v. Chavez, U.S. Dist. LEXIS 4721 (N.D. Cal. 2018); U.S. v. McCollum, No. 17-4296 (4th Cir. 2018). AT the very least, the record would have shed light as to the exact basis on which this

Court determined the racketeering acts to be "crimes of violence."

Yet, as it stands, there is no evidence in the record from which the Court can accurately ascertain the statutory provision underlying petitioner's predicate acts for the purposes of 924(c)(3). Consequently, petitioner contends that the "rule of lenity" should be applied to his case circumstances and that this Court should conclude that it is more likely than not the Court <u>might have</u> relied on the unconstitutional, broad-sweeping residual clause. <u>See e.g.</u>, <u>United States v. Winston</u>, 850 F.3d 677 (4th Cir. 2017); <u>Diaz v. United States</u>, U.S. Dist. LEXIS 116619 (W.D.N.Y.).

> <u>Ground Two</u>: **Petitioner's Guilty Plea is Invalid and Cannot Be Enforced Because It Was the Product of Him Receiving Ineffective Assistance of Counsel.**

Petitioner asserts that his guilty plea was not entered voluntarily or knowingly due to four instances of ineffective assistance of counsel. He contends that counsel: (a) misled petitioner into pleading guilty and misrepresented the law as to how he would be sentenced under 924(c) if he went to trial; (b) failed to require the government to carry its burden of proof regarding the 924(c)(3) sentencing factors; (c) failed to raise a Johnson/Dimaya-related argument at the plea hearing or on direct appeal; and (d) failed to

7

obtain a formal waiver of right to appeal, object to the district court's failure to advise on the issue, or otherwise file an appeal or inform petitioner about his ability to do so.

### 1. Ineffective assistance of counsel, in general.

Courts review ineffective-assistance claims under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). This requires a defendant to show that (1) counsel's performance was deficient, and (2) the deficiency prejudiced the defense. Id. at 687. The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." id. at 694. This standard also applies to guilty pleas alleged to be the result of ineffective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52 (1985). In the context of a guilty plea, a defendant seeking to establish the Strickland prejudice requirement must show that there "is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. 59. This is the standard in which petitioner must clear.

8

(a) <u>Misrepresentation about sentencing under
    section 924(c).</u>

Petitioner contends that his guilty plea is invalid
because it was not knowingly and intelligently entered due
to his attorney's misrepresentations and coercive tactics
employed to induce petitioner into pleading guilty. Counsel
improperly advised petitioner to take a plea in the case by
misrepresenting the manner in which he would be sentenced
if he went to trial. Counsel told petitioner that, if he
got convicted on the 924(c) charge, he would receive a
sentence of 30-years. Counsel broke his advice down like
this: petitioner would receive 5-years under count four
based on a finding of guilt for using a firearm during a
crime of violence (the racketeering conspiracy charged in
that count), and then he would also receive an additional
25-years based on a finding of guilt for using a firearm
during a drug-trafficking offense (the narcotics conspiracy
charged in that same count). Counsel misrepresented the law
on this point. While it is true that section 924(c)(1)(A)
requires a sentence of 5-years (and, in this case, a sentence
of ten-years' imprisonment for anyone who discharges the
firearm in the course of the crime), <u>see</u> <u>United States v.
Evans</u>, 848 F.3d 242 (4th Cir. 2016), the 25-year boost is
inapplicable unless a person is <u>charged</u> and convicted for

a "second or subsequent" violation of the statute. 924(c)(1)
(A). It is not the number of predicate crimes charged in the
indictment which determines the sentence; rather, it is the
number of 924(c) counts actually brought by the government
that controls the sentencing. See e.g., United States v.
Casey, 776 F.Supp. 272 (E.D. Va. 1991)(stating that "the
rule of lenity allows the government to link only one 924
(c) violation to each predicate offense charged."). Here,
although the government alleged two predicate offenses in
count four, both predicate crimes were charged in only one
924(c) count. So, petitioner could have only been convicted
of violating the statute once and then sentenced to the
10-year mandatory minimum authorized by law.

Here, an attorney performing within the wide range of
reasonable assistance described in Strickland would have
been cognizant of the state of the law governing 924(c)
offenses. Counsel's misrepresentations to petitioner on the
point were either the product of sheer ignorance of the law
or an coercive effort to mislead petitioner into accepting
a guilty plea. Either way, counsel's bad advice "fell below
an objective standard of reasonableness" called for in
Strickland. See Hinton v. Alabama, 134 S.Ct. 1081, 1089-90
(2014)(noting that "an attorneys' ignorance of a point of
law that is fundamental to his case combined with his failure

to perform basic research on that point is a 'quintessential example of unreasonable performance.'").

With respect to the prejudice prong, the premise of the entire plea agreement was the result of counsel's misrepresentations on the law as to the 924(c) counts. See Brady v. United States, 397 U.S. 742, 750 (1970)(a guilty plea cannot have been induced through "misrepresentations or coercion."). To this end, counsel's advice can be so categorized as just that, "undue coercion." Petitioner steadfastly denied any involvement in any of the conspiracies charged in the count of indictment. Indeed, he made clear to counsel prior to the plea hearing that he would prepare for trial to prove his innocence. He supplied counsel with names of specific witness ]who would have testified on his behalf to the fact that his actions in selling drugs and using the firearm were done on an entirely independent basis and not as part of any kind of conspiracy or agreement with others. Petitioner even advised his attorney that he himself would testify to the facts as stated. Yet, counsel told petitioner that, even if he wasn't guilty of either conspiracy charged in the indictment, that he could "still be found guilty under count four for just firing a firearm." [3] Counsel used the 924(c) (incorrect)

---

[3] The above quoted statements of counsel were inaccurate, given that, to secure conviction under 924(C) the government had to prove that petitioner used a firearm in the course of one of the conspiracies charged in count one or two. This additional

potential sentence exposure as the crutch to strengthen his
inducement of a guilty plea in the case. Had petitioner been
properly informed that he could not have received "30-years"
for one violation of 924(c), he would not have abandoned his
right to trial by jury. If petitioner would have succeeded
at trial on his claim of actual innocence as to counts one
and two, the government could not have secured a conviction
under count four.

(b) <u>Failure to Require the Government to Plead
    Its Burden Under 924(c)(3) Factors.</u>

An attorney has a professional duty to "subject the
prosecution's case to meaningful testing." <u>United States v.
Cronic</u>, 466 U.S. 648 (1984). At the plea hearing, counsel
for petitioner did not object when the government failed to
carry its burden regarding the sentencing factors under
924(c)(3). As this was a crucial aspect of the sentencing
process in petitioner's case, counsel's failure to object
to the government's lack of proof on record "fell below the
objective standard of reasonableness" compelled by <u>Strickland</u>.

Counsel's inactions and errors in this area was also
prejudicial, as evidenced by the fact that the question of
whether petitioner was sentenced pursuant to the residual

---

factor is intertwined with the ineffective-assistance inquiry
regarding counsel's faulty advice about the 924(c) sentence
exposure. Petitioner expressly seeks to incorporate such facts
into the analysis.

clause of the statute. As such, petitioner was prejudiced by counsel's errors.

(c) Failure to Raise and Preserve Johnson/Dimaya
    Claim for Review.

The Supreme Court struck down language in a residual clause in the ACCA similar to language used in section 924(c)(3)(B)--the statute petitioner's sentence is based. AT the time of the sentencing hearing, counsel should have been well aware that the Johnson decision might effect the residual clause in 924(c)(3)(B). Moreover, even if that wasn't true, counsel should have still noticed that the Johnson decision called into question whether **every crime** charged as a qualifying offense under 924(c)(3) would categorically qualify as a "crime of violence." This is so because not every crime can qualify under Johnson's definition of "physical force." See 559 U.S. 133 (2010)("Johnson I")(stating that the phrase "physical force," means violent force- that is, "force that is capable of causing physical pain or injury to another person."). Some of petitioner's predicate crimes charged in counts one and two do not meet the thresold of violence required under Johnson I. And, as stated earlier, the residual clause was unconstitutional at the time of petitiner's sentencing. Counsel should have preserved arguments on both ends of court. Failure to do so was deficient and prejudicial.

13

(d) <u>Failure to File Appeal, Object to District
    Court's failure to Advise on Appeal, or Inform
    as to Right to Appeal</u>.

The plea hearing colloquy reflects that after accepting petitioner's guilty plea and adjudging him guilty, the court failed to advise him that he could appeal. This was plain error which affected petitioner's substantial rights. Here, petitioner avers that his failure to timely appeal resulted from his attorneys gross negligence and failure to communicate, which deprived petitioner of notice and the opportunity to be heard.

While the error of the court and parties not advising the petitioner about his choice to appeal did not affect his decision to plead guilty, it did however touch upon his knowing and voluntary decision to not appeal.

<u>CONCLUSION</u>

Wherefore, Petitioner prays that this Court GRANT his motion to vacate sentence under section 18 U.S.C. 2255.

Dated: June 15, 2018.

/s/ Marlon Roberts
MARLON ROBERTS

14

MARLON ROBERTS, #73400-05
UNITED STATES PENITENTIARY-CANAAN
POST OFFICE BOX 300
WAYMART, PA., 18472

CERTIFIED MAIL

7015 1520 0001 1323 5983

RECEIVED
JUN 20 2018
CLERK'S OFFICE

U.S. POSTAGE PAID
WAYMART, PA
18472
JUN 18 18
AMOUNT
$0.00
R2305K138948-05

1006    10007

PRIORITY MAIL
TRACKED INSURED
UNITED STATES POSTAL SERVICE®
For Domestic Use Only
Label 107R, July 2013

USMP3
SDNY

Pro Se
SM

UNITED STATES DISTRICT COURT, SOUTHERN
DISTRICT OF NEW YORK
ATTN: CLERK OF COURT
500 PEARL STREET
NEW YORK, NEW YORK  10007

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Date: 6/15/18

The enclosed letter was processed through special mailing procedures for fowarding to you. The letter has been neither opened nor inspected. If the reader raises a question or problem over which this facility has jurisdiction, you may wish to return the material for futher information or clarification

UPS Canaan
P.O. Box 400
Waymart, PA 18472