

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 28, 2020

**BY ECF**
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Marlon Roberts*, 15 Cr. 95 (AJN)

Dear Judge Nathan:

    The Government respectfully writes to advise the Court of the recent published Second Circuit opinion in *United States v. Dussard*, No. 18-804, --- F. 3d ---, 2020 WL 4211283 (2d Cir. July 23, 2020) rejecting a *Davis* challenge in light of valid alternative predicate. The *Dussard* decision supports denial of defendant Marlon Roberts's pending motion to vacate his 18 U.S.C. § 924(c) conviction.

    The defendant in *Dussard* was charged with Hobbs Act robbery conspiracy, narcotics conspiracy carrying a 10-year mandatory minimum penalty, and firearms offenses under 18 U.S.C. § 924(c) predicated on both the charged Hobbs Act robbery conspiracy and the charged narcotics conspiracy. Dussard pled guilty pursuant to a plea agreement to Hobbs Act robbery conspiracy and to violating Section 924(c) based on the Hobbs Act robbery conspiracy predicate. Following the decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), a Hobbs Act conspiracy is no longer a crime of violence within the meaning of Section 924(c), and Dussard sought vacatur of his Section 924(c) conviction. On plain error review, the Circuit affirmed the Section 924(c) conviction, holding that the *Davis* error did not affect the defendant's substantial rights. *Dussard*, No. 18-804, 2020 WL 4211283 at *1.

    Several aspects of *Dussard* are worth emphasizing in light of Roberts's pending motion (Dkt. 2246, 2691). *First*, on plain error review, the defendant had the burden to show a reasonable probability that he would not have pleaded guilty to the Section 924(c) count based on the narcotics conspiracy predicate, which of course remains valid after *Davis*. *Dussard*, 2020 WL 4211283 at *5. *Second*, in evaluating the defendant's challenge, the Circuit considered the record as a whole, including not only the indictment, plea agreement, and plea colloquy, but also the uncontested facts in the Presentence Investigation Report ("PSR") and the sentencing proceeding. *Id.* at *5-6. *Third*, in light of the evidence of the defendant's participation in the narcotics conspiracy and the possession of a firearm in furtherance of that conspiracy (again, based on the record as a whole, and not limited to the defendant's admissions at the guilty plea), together with the substantial benefits he received under the plea agreement in the form of lower sentencing exposure, the

defendant failed to carry his burden of showing a reasonable probability that he would not have pleaded guilty to a Section 924(c) count properly predicated on the narcotics conspiracy. *Id.* at \*7.

Because the facts and procedural history of *Dussard* are more favorable to that defendant than Roberts's circumstances here, *Dussard* compels affirmance of Roberts' conviction. Roberts was likewise charged with a Section 924(c) firearms offense predicated on a now-invalid crime of violence and a narcotics trafficking conspiracy carrying a 10-year mandatory minimum offense. Roberts also argues that, like the defendant in *Dussard*, he pled guilty only to the now-invalid crime of violence. (*See* Dkt. 2691 at 8-12).[1] In *Dussard*, the Circuit rejected the defendant's appeal because he could not show that he would not have pled guilty based on a narcotics predicate had the parties known that the crime of violence would be invalidated. *See Dussard*, 2020 WL 4211283 at \*6. Likewise here, Roberts cannot even claim to show that he would not have pled guilty to a narcotics predicate, instead noting only that he "*might easily* have changed his decision to plead guilty" (Dkt. 2691 at 27-28 (emphasis added)).

Consideration of the record as a whole, the approach *Dussard* requires—including the indictment (charging both RICO and narcotics predicates), the plea agreement (same), the plea colloquy (in which Roberts specifically referred to both the RICO and narcotics conspiracy counts), and the factual recitations in the PSR (establishing that the sale of drugs within BMB territory was a core aspect of BMB's gang activity, that Roberts was personally involved in the distribution of marijuana as part of his BMB membership, that Roberts possessed firearms in furtherance of drug trafficking, and that Roberts and his narcotics co-conspirators discharged firearms)—indicates that there is virtually no probability, let alone a reasonable one, that Roberts would not have pled guilty if his Section 924(c) conviction had been predicated solely on the still-valid drug trafficking crime. Indeed, even in his *pro se* habeas petition, Roberts acknowledged selling drugs and using a firearm. (Dkt. 2246 at 26). In short, just as in *Dussard*, there is nothing in the record to suggest that Roberts was willing to plead guilty to the Section 924(c) charge only if it was predicated on racketeering conspiracy rather than on drug trafficking. *Dussard*, 2020 WL 4211283 at \*7.

Moreover, *Dussard* was decided on direct appeal under plain error review—meaning that the Circuit required the defendant to show only that he would not have pled guilty had he known of the change wrought by *Davis*. *Dussard*, 2020 WL 4211283 at \*5. For the reasons set forth above, the Government respectfully submits that Roberts has not demonstrated such prejudice. However, Roberts faces the much more demanding standards applicable to petitions under 28 U.S.C. § 2255, which the Supreme Court has counseled should not "do service for an appeal." *United States v. Timmreck*, 441 U.S. 780, 784 (1979) (quoting *Sunal v. Large*, 332 U.S. 174, 178 (1979)). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id.* Accordingly, not only must Roberts establish that he would not have pled guilty, he must show that the *Davis* error "resulted in a 'complete miscarriage of justice' or [occurred] in a proceeding 'inconsistent with the rudimentary demands of fair procedure.' " *Id.*; *accord Lucas v. United States*, 963 F.2d 8, 14 (2d Cir. 1992)

---

[1] Roberts in fact admitted a Section 924(c) violation predicated on both racketeering conspiracy and narcotics conspiracy. (*See* Dkt. 2591 at 4-9, 19-20). But even if Roberts' arguments that he only truly admitted racketeering conspiracy were accepted, that would merely put him in the same position as in *Dussard*.

(citing *Timmreck* and noting that it has "long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment" (quoting *United States v. Addonizio*, 442 U.S. 178, 184 (1979))). A review of the record as a whole demonstrates that there was no miscarriage of justice. Rather, the record demonstrates that Roberts was a gang member, a drug dealer, and a shooter who, in light of significant evidence against him of the charges in the Indictment, was motivated to negotiate a disposition carrying both a 10-year mandatory minimum penalty and a 10-year Guidelines recommendation. (Dkt. 2591 at 18-22, 28-29).[2]

Accordingly, under *Dussard*, Roberts's motion to overturn his Section 924(c) conviction should likewise be denied.

        Respectfully submitted,

        AUDREY STRAUSS
        Acting United States Attorney

       By: /s/ Allison Nichols
        Allison Nichols / Jessica Feinstein /
        Hagan Scotten / Drew Skinner
        Assistant United States Attorneys
        Telephone: (212) 637-2366

cc: Federal Defenders of New York (via ECF)

---

[2] Roberts does not argue his actual innocence of the firearms charge, nor, for the reasons set forth in this letter and the Government's opposition (Dkt. 2591 at 18-22) could he make such a showing.